# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

**CARMEN JOHNSON,**

      **Petitioner,**

**v.**                                  **Case No.: 1:16-cv-06206**

**WARDEN, FCI-Alderson,**

      **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

On July 12, 2016, Carmen Johnson ("Johnson") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 2), and an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1).[1] This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Johnson's Petition for a Writ of Habeas Corpus and **DISMISS** this action from the docket of the Court.

---

[1] Johnson later paid the $5.00 filing fee; therefore, the Application to Proceed Without Prepayment of Fees and Costs is **DENIED** as moot.

1

## I. Introduction

In June 2015, Johnson was convicted in the United States District Court for the District of Maryland of conspiracy to commit wire fraud, wire fraud, and false information on a loan application in violation of federal law. (ECF No. 8 at 1-2). She was incarcerated at the Federal Prison Camp located in Alderson, West Virginia ("Alderson"). In July 2016, Johnson filed the instant petition for habeas relief. (ECF No. 2). The undersigned issued a Show Cause Order on July 26, 2016, instructing Respondent to answer the petition and show cause why the relief requested should not be granted. (ECF No. 5). Respondent complied with the order, filing an answer in which she moved that the petition be dismissed, in relevant part, because it failed to state a claim cognizable under 28 U.S.C. § 2241. (ECF No. 8). Respondent argued that all of Johnson's claims asserted in the petition involved challenges to her conditions of confinement, and did not attack the execution of her sentence. Therefore, the claims should have been brought in a civil rights complaint, rather than a § 2241 habeas petition. (*Id.*).

On August 26, 2016, the Court ordered Johnson to reply to Respondent's request for dismissal. (ECF No. 9). Consequently, on October 24, 2016, Johnson filed a 72-page Motion to Not Dismiss the Petition, in which she asked for a mental health examination and for an order excusing her from attending GED classes at Alderson. (ECF No. 10). Johnson also filed an addendum to her motion in February 2017. (ECF No. 11).

On February 15, 2018, the undersigned issued an order advising Johnson that

her petition did, indeed, seem to assert only claims related to the conditions of her confinement rather than the execution of her sentence and, therefore, her claims were not cognizable under 28 U.S.C. § 2241. (ECF No. 12). Johnson was provided with the guidance and forms necessary to file a federal civil rights complaint under *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). (*Id.*). Johnson was notified that the undersigned would issue a recommendation that the pending action for habeas relief be dismissed if Petitioner failed to tender the proper paperwork. (*Id.*). Johnson complied with the undersigned's direction and filed a complaint challenging her conditions of confinement. This complaint was properly docketed by the Clerk of Court as a separate civil action. *See Johnson v. Wilson, et al.,* Case No. 1:18-cv-00416 (S.D.W. Va. Mar. 9, 2018) at ECF No. 1.

## II.   Discussion

As Respondent correctly emphasizes in her Response to Order to Show Cause, Johnson fails to state any claims in her petition that are cognizable under 28 U.S.C. § 2241. A habeas petition is the proper mechanism by which a prisoner disputes the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973). Generally, a motion filed under section 2255 attacks the validity of a federal conviction or sentence, *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir.2010), while a petition under section 2241 challenges the execution of a sentence. *United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)). When a prisoner attempts only to alter the conditions of his confinement, rather than the duration of his sentence, the appropriate vehicle is a civil rights action. *Preiser,* 411

U.S. at 494, 498–99.

Here, Johnson complains exclusively about the lack of mental health treatment available to her at Alderson and about the facility's insistence that she take a GED course when she already has a GED. (ECF No. 2). Such claims do not challenge the fact or duration of her sentence. Accordingly, the undersigned **FINDS** that Johnson fails to state a claim for habeas relief. *See Crooker v. Stewart*, No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (acknowledging a split among circuits, but noting that "the Fourth Circuit has said that where a petitioner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983, or in the case of a federal inmate, a *Bivens* claim.") (citing as an example, *Braddy v. Wilson,* 580 Fed. Appx. 172 (4th Cir.2014)).

Moreover, Johnson will not be prejudiced by a dismissal of her petition, because she has now filed a separate civil rights complaint in this district, which subsumes the allegations in the instant action. *See Johnson,* Case No. 1:18-cv-00416. Johnson does not seek monetary compensation in her habeas petition; rather, she seeks changes to the mental health and educational services she has been receiving, and continues to receive, at Alderson. (ECF No. 2 at 8). As such, dismissal of this case would not result in Johnson's claims being barred by a statute of limitations that might apply to claims for money damages. Given that Johnson has now asserted her conditions of confinement claims using the proper legal avenue, this habeas petition should be dismissed. *See, e.g. Searcy v. Broom*, No. CA 606-3336-GRA-WMC, 2007 WL 675695, at *1 (D.S.C. Feb. 28, 2007)

### III.  Proposal and Recommendations

For the forgoing reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 2) be **DENIED,** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:** March 29, 2018

Cheryl A. Eifert
United States Magistrate Judge