IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**CARMEN JOHNSON,**

    **Petitioner,**

v.                                    CIVIL ACTION NO. 1:16-06206

**WARDEN, FCI-Alderson,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241,(ECF No. 2); and Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1). By Standing Order, the matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On March 29, 2018, the magistrate judge submitted her PF&R, in which she recommended that the district court deny petitioner's writ of habeas corpus; deny petitioner's application to proceed without prepayment of fees and costs as moot; and dismiss this action, with prejudice, from the court's docket. See ECF No. 13.

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's

Findings and Recommendation. The failure to file such objections constitutes a waiver of the right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Neither party has filed objections to the magistrate judge's PF&R within the required time period.[1] Accordingly, having reviewed the PF&R, the court hereby adopts the factual and legal analysis contained therein, as follows:

1. Petitioner's petition for a writ of habeas corpus is **DENIED**, (ECF No. 2);
2. Petitioner's application to proceed without prepayment of fees and costs is **DENIED** as moot (ECF No. 1);
3. The petition is **DISMISSED** with prejudice; and
4. The Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial

---

[1] Petitioner filed a motion for correction that attempts to correct the factual recitation of Judge Eifert's PF&R. ECF No. 14. Despite these factual objections, petitioner states that she "agrees to have [this] case . . . dismissed," because she agrees that the proper vehicle for her action is a civil rights complaint, not an action under 28 U.S.C. § 2241. To this end, petitioner has already filed another action, Johnson v. Wilson et al., Case No. 1:18-cv-00416. This motion for correction also requests that the court transfer the record from this case to the latter action. The court **DENIES** this request.

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and petitioner, pro se.

**It is SO ORDERED** this 19th day of June, 2018.

ENTER:

_David A. Faber_ (signature)
David A. Faber
Senior United States District Judge

3